UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANGELA L. YBARRA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:10-cv-01642-GMN-LRL |
| vs. ) | |
| ) | **ORDER** |
| OCWEN LOAN SERVICING, LLC, ) | |
| ) | |
| Defendant. ) | |

Pending before the Court are Defendant Ocwen Loan Servicing, LLC's ("Defendant") Motion to Dismiss (ECF No. 5) and Plaintiff Angela L. Ybarra's ("Plaintiff") Motion to Enjoin (ECF No. 15), Motion for a Temporary Restraining Order (ECF No. 16), and Motion for a Preliminary Injunction (ECF No. 17). For the reasons that follow, Defendant's Motion to Dismiss (ECF No. 5) will be GRANTED and Plaintiff's Motions will be DENIED.

**I.    BACKGROUND**

Plaintiff is a self-represented party. Her Complaint alleges violations of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"). However, the factual bases for these claims are unclear. Although Plaintiff "denies ever having any contractual agreement for credit, loans, or services relationship with the Defendants [sic]," (Compl. 2 ¶ 1, ECF No. 1), Plaintiff later alleges, without further explanation or context, that "Defendants [sic] disclosed a [sic] annual percentage rate of 6.871% when in actuality the annual percentage rate was 6.910%," (*id.* at 3 ¶ 1). Later still, Plaintiff alleges that "[o]n or about December 2008, Defendants [sic] did violate the Truth in Lending Act by misrepresented [sic] the finance charge see attached exhibit demonstrating this violation in detail." (*Id.* at 4 ¶ 1.) However, there is no exhibit attached, nor does Plaintiff explain in what

context Defendant allegedly misrepresented the finance charge.  Finally, Plaintiff claims that she became aware that Defendant violated her "rights under USC 24, section 3500.7 when [Plaintiff] had a mortgage forensic report done." (*Id.* at 5 ¶ 1.)  Again, Plaintiff fails to provide the necessary information.  Plaintiff does not specify how Defendant violated her rights, nor does Plaintiff set forth the transaction or occurrence during which those alleged violations occurred.

## II.     MOTION TO DISMISS

### A.     Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

**B.     Discussion**

1.     TILA Claims

Plaintiff's first and second causes of action arise under the Truth in Lending Act. In support of her first claim for damages under TILA, Plaintiff alleges that "Defendants [sic] disclosed a [sic] annual percentage rate of 6.871% when in actuality the annual percentage rate was 6.190%," (Compl. 3 ¶ 1, ECF No. 1). However, Plaintiff does not provide any facts concerning when this alleged misrepresentation occurred or with regard to what transaction this was made, and, thus, does not put Defendant on sufficient notice of Plaintiff's claims against it.

This TILA claim is also deficient because Plaintiff does not allege that Defendant was either a creditor or an assignee of the creditor, but, rather, appears to allege just the opposite. TILA claims are only cognizable against creditors, *see* 15 U.S.C. § 1640(a), and assignees of creditors, *see* 15 U.S.C § 1641(a). *See Gorospe v. Security National Mortgage*, CV No. 10-00506 DAE-BMK, 2011 WL 578844, at *6 (D. Hawaii Feb. 08, 2011). But yet, in her Complaint, Plaintiff affirmatively "denies ever having any contractual agreement for credit, loans, or services relations with the Defendants [sic]," (Compl. 2 ¶ 1, ECF No. 1), thereby pleading that Defendant was *not* a creditor. Accordingly, Plaintiff's first cause of action will be dismissed. Plaintiff may amend this cause of action to include facts sufficient to put Defendant on notice of the claims against it. However, Plaintiff should only amend this cause of action if it has an appropriate basis for alleging that Defendant was an assignee of a

creditor; otherwise, this claim will fail.

Plaintiff's second TILA claim also fails to set forth facts sufficient to put Defendant on notice of the claim against it. The only facts Plaintiff pleads in support of the claim are: "[o]n or about December 2008, Defendants [sic] did violate the Truth in Lending Act by misrepresenting the finance charge," (Compl. 4 ¶ 1, ECF No. 1). Such a conclusory allegation is insufficient to set forth a claim under TILA, particularly when Plaintiff has affirmatively pleaded that Defendant is *not* a creditor and makes no mention of whether Defendant is an assignee of a creditor.

Further, Plaintiff's second claim for damages under TILA is barred by the statute of limitations. TILA imposes a one-year statute of limitations within which a claim for damages "may be brought." 15 U.S.C. § 1640(e). "[A]s a general rule the limitations period starts at the consummation of the transaction." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).

Equitable tolling may nonetheless apply in certain circumstances and can operate to suspend the limitations period until the borrower discovers or has reasonable opportunity to discover the fraud or non-disclosure that form the basis of the TILA action. *See King*, 784 F.2d at 914-15. However, such equitable tolling is only appropriate when "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). Equitable tolling does not apply when the plaintiff fails to allege facts demonstrating that she could not have discovered the alleged violations by exercising reasonable diligence. *Copeland v. Lehman Bros. Bank*, No. 09cv1774-WQH-RBB, 2011 WL 9503, *6 (S.D. Cal. Jan 3, 2011). Additionally, where the basis of equitable tolling is fraudulent concealment, it must be pled with particularity under Rule 9(b) of the Federal Rules of Civil Procedure. *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 662 (9th Cir. 1999).

Plaintiff filed this lawsuit in September of 2010, which is nearly two years after the

alleged December 2008 violation set forth in the Complaint. Therefore, this TILA damages claim is barred by the statute of limitations unless equitable tolling applies. Plaintiff has not argued that equitable tolling applies, nor has it set forth facts demonstrating that such tolling is applicable. Accordingly, Plaintiff's second TILA cause of action will also be dismissed. Plaintiff may amend this claim, but only if she has an appropriate basis for alleging that equitable tolling is appropriate.

### 2. RESPA Claim

In Plaintiff's third cause of action, she alleges that "defendants [sic] did violate Title 24, USC section 3500.7, Good Faith estimate which states Lender to provide all applicants for a federally related mortgage loan with a good faith estimate of the amount of or range of charges." (Compl. 5 ¶ 1, ECF No. 1.) However, the statute referenced by Plaintiff, Title 24 U.S.C. § 3500.7, does not exist. Rather, it is 24 C.F.R. § 3500.7, which is a provision of RESPA, which does require that lenders provide borrowers with a good faith estimate of costs. A violation of 24 C.F.R. § 3500.7 is deemed a violation of 12 U.S.C. § 2604. *See* 24 C.F.R. § 3500.7(i); *Harris v. Wells Fargo Home Mortg.*, No. CV10-09496 ODW (CWX), 2011 WL 1134216, at *3 (C.D. Cal. Mar. 23, 2011).

Title 12 U.S.C. § 2604 does not, however, provide a private right of action for borrowers when lenders fail to make such disclosures. *Harris*, 2011 WL 1134216, at *3; *Allan v. GreenPoint Mortg. Funding*, 730 F. Supp. 2d 1071, 1076 (N.D. Cal. 2010). Plaintiff's third cause of action therefore fails as a matter of law and will be dismissed with prejudice.

### III. INJUNCTIVE RELIEF

In order to secure injunctive relief prior to a full adjudication on the merits, a plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and

that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). Because Plaintiff's Complaint has been dismissed in its entirety for failure to state a claim upon which relief can be granted, this Court finds that Plaintiff has not shown that she is likely to succeed on the merits and, therefore, injunctive relief will not be granted. Accordingly, Plaintiff's Motion to Enjoin (ECF No. 15), Motion for a Temporary Restraining Order (ECF No. 16), and Motion for a Preliminary Injunction (ECF No. 17) will be denied.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 5) is **GRANTED**, though Plaintiff may file an Amended Complaint correcting the deficiencies in her first and second causes of action by **May 17, 2011**. Failure to file an Amended Complaint by that date will result is the dismissal of this lawsuit.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Enjoin (ECF No. 15), Motion for a Temporary Restraining Order (ECF No. 16), and Motion for a Preliminary Injunction (ECF No. 17) are **DENIED**.

DATED this 27th day of April, 2011.

_____
Gloria M. Navarro
United States District Judge