**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ANGELA L. YBARRA and GABRIEL B. YBARRA,

Plaintiffs,

vs.

OCWEN LOAN SERVICING, LLC; DEUTSCHE BANK NATIONAL TRUST COMPANY, *as trustee on behalf of* MORGAN STANLEY ABS CAPITAL I INC., *on behalf of* TRUST 2007-NC3 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-NC3; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ET AL.

Defendants.

Case No.: 2:10-cv-01642-GMN-LRL

**ORDER**

Pending before the Court is Defendants' Motion to Dismiss (ECF No. 21).

Plaintiff Angela Ybarra's untimely filed Amended Complaint against Defendants Ocwen Loan Servicing, LLC; Deutsche Bank National Trust Company, as Trustee for the registered holders of Morgan Stanley ABS Capital I Inc., Trust 2007-NC3 Mortgage Pass Through Certificates, Series 2007-NC3; and Mortgage Electronic Registration Systems, Inc. (collectively, "Defendants") (ECF No. 20) was filed on October 26, 2011.

## I. BACKGROUND

On April 27, 2011, this Court granted Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss Plaintiff's first Complaint (ECF No. 5) and allowed Plaintiff leave to "file an Amended Complaint correcting the deficiencies in her first and second causes of action by **May 17, 2011**." (Order, 6:10-11, ECF No. 18.) The Court did not grant Plaintiff leave to add parties. The Court's Order specifically warned Plaintiff that "[f]ailure to file an Amended Complaint by that date will result [in] the dismissal of this lawsuit." (*Id.* at 6:11-12.) However, Plaintiff failed to

file an amended complaint before the Court's deadline. Instead, Plaintiff and her husband Gabriel Ybarra filed a new lawsuit on May 20, 2011, which was adjudicated by Judge Kent Dawson, and closed on October 24, 2011. *See Ybarra v. Home 123 Corporation et al.*, Case No. 2:11-cv-00829-KJD-GWF, 2011 WL 5036918, 2011 U.S. Dist. LEXIS 122664 (D. Nev. Oct. 21, 2011). Plaintiff then filed her Amended Complaint in this action on October 26, 2011, over five months after the deadline. (AC, ECF No. 20). Defendants have filed a Motion to Dismiss for failure to timely amend under Fed. R. Civ. P. 41(b) and for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). (ECF No. 21.)

## II. LEGAL STANDARD

If a plaintiff fails to prosecute an action or to comply with a court order, a defendant may move to dismiss the action or any claim against it. Fed. R. Civ. P. 41(b). Unless stated otherwise by the Court, a dismissal under this subdivision (b) operates as an adjudication on the merits. *Id*. Under Ninth Circuit precedent, when a plaintiff does nothing and fails to amend a complaint after a district court dismisses the complaint with leave to amend, "resources continue to be consumed by a case sitting idly on the court's docket" and dismissal is appropriate as a sanction under Fed. R. Civ. P. 41(b). *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) (discussing *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999) and *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992)).

Before dismissing a claim "for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61). "The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish*, 191 F.3d at 990). "It is incumbent upon

the Court to manage its docket without being subject to routine noncompliance of litigants." *Id.* "Unreasonable delay creates a presumption of injury to the defense." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

However, the Court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to

liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiffs' pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III. DISCUSSION

Plaintiff's Amended Complaint may be dismissed under Fed. R. Civ. P. 41(b) and under 12(b)(6). Weighing the five factors for dismissal under Rule 41(b), the Court finds that the

public interest in expeditious resolution of litigation, the Court's need to manage its docket, and the risk of prejudice to defendants all favor dismissal. Plaintiff's Amended Complaint was filed over five months after the court's deadline, and over a year from the initial filing of the lawsuit. Plaintiff has had two opportunities to file her Complaint in this action, and the only less drastic alternative available is to allow Plaintiff to re-file her Amended Complaint. Therefore, the Court will grant Defendants' motion to dismiss under Rule 40(b).

It should be noted that Plaintiff's Amended Complaint also fails to state a claim upon which relief may be granted, and Plaintiff fails to amend her complaint according to the instructions of the Court. This Court weighs seriously the public policy favoring disposition of cases on their merits. Upon further analysis, the Court finds that Plaintiff's claims fail on the merits as well. Plaintiff's Amended Complaint fails under Rule 12(b)(6). In the previous Order, the Court allowed Plaintiff to file an Amended Complaint to correct the deficiencies in her first and second causes of action under the Truth in Lending Act ("TILA"). (Order, ECF No. 18.) In the 60-page Amended Complaint, Plaintiff makes no attempt to address the deficiencies noted by the Court, instead choosing to survey current events and to allege violations of 18 U.S.C. 1962, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), conspiracy and fraud. Plaintiff's Amended Complaint fails to state a claim under which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), fails to comply with Fed. R. Civ. P. 8(a), and fails to comply with the Court's Order. Therefore, even if the Court allowed Plaintiff's Amended Complaint to be determined on the merits, Plaintiff's claims would fail.

## IV. CONCLUSION

For the reasons discussed above,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 21) is

/ / /

/ / /

**GRANTED, with prejudice.**

DATED this 30th day of November, 2011.

Gloria M. Navarro
United States District Judge